HENRY H. APLIN, AUDITOR GENERAL, v. CATHERINE O'CONNOR AND EDWARD O'CONNOR.

*Taxes—Law of 1889—Receipt of 50 per cent. in full payment— Reassessment.*

The proviso of section 95 of Act No. 195, Laws of 1889, authorizing the receipt of 50 per cent. of the taxes on lands returned delinquent for the taxes of 1885, and previous years, in full payment and discharge of such taxes, applies whether such taxes have been *reassessed* or not.

Appeal from Wayne. (Reilly, J.) Argued November 12, 1890. Decided December 5, 1890.

Petition for sale of lands delinquent for taxes, under Act No. 195, Laws of 1889. Petitioner appeals. Affirmed. The facts are stated in the opinion.

*B. W. Huston,* Attorney General, and *H. M. Duffield,* for petitioner.

*James J. Atkinson,* for defendants.

LONG, J. The Auditor General filed his petition in the Wayne circuit court in chancery, under the provisions of Act No. 195, Laws of 1889 (3 How. Stat. p. 2936), for the sale of the lands delinquent for taxes in Wayne county.

The defendants' lands were embraced within this list, and they answered the petition, alleging a tender to the county treasurer on October 21 and 26, 1889, respectively, of 50 per cent. of the amount of such taxes, interests, and charges, under the proviso of section 95 of said act. The court below found the tender sufficient, and decreed that upon the payment of such amounts the county treasurer should give his receipt, and that thereupon the tax and the lien thereof be satisfied and discharged. The Auditor General appeals from this decree. The proviso reads as follows:

"*Provided,* That the county treasurer at any time previous to the sale of any lands heretofore assessed for the taxes of 1885, and previous years, and which have been returned as delinquent therefor, and of which no sale has been made for any cause, is authorized and directed to receive in full payment and discharge of such taxes of the year 1885, and previous years, and the interest and charges thereon, 50 per cent. of such taxes, interest, and charges; or such payment of fifty per cent. of such taxes, interest, and charges may be made to the State Treasurer, at any time before the petition for the sale shall be sent to the county treasurer."

It appears that the two parcels of land were assessed
83 MICH—30.

for taxes for the years 1884 and 1885, respectively, and reassessed in 1886 and 1887. It is insisted by the learned counsel for the Auditor General that the proviso in section 95, which allows the satisfaction of such taxes upon the payment of the 50 per cent., does not apply to the taxes of previous years which have been reassessed. The argument is that the proviso above quoted does not apply to such taxes, for the reason that a reassessed tax is never a valid tax for the year in which it was originally assessed; that it is stricken from the tax roll because of some fatal irregularity which prevents its collection; that it is then reassessed upon the same land, and collected with the taxes of the then current year the same in all respects as taxes of that year, and, when it comes to the Auditor General's office, the law does not require it to appear as a separate item on the tax list. In view of these facts, it is contended that it is hardly to be presumed that the Legislature intended to include in the proviso of section 95 these lands upon which taxes have been reassessed; that such a construction would require the court to interpolate into or add to the proviso, "except that they may be satisfied by the payment of fifty per cent."

We do not see the force of this reasoning. The proviso clearly contemplates that the lands returned as delinquent for taxes for the year 1885, or any previous year, whether or not the taxes have been reassessed upon such lands thereafter in any year, may be relieved from the lien of such taxes by the payment of 50 per cent. of the taxes, interest, and charges. We do not think it a fair construction to except from the operation of this proviso those lands upon which the taxes have been reassessed. If that was what the Legislature intended, it would have been an easy matter to have used apt words to express such meaning, by an exception of all lands upon which

the taxes have been reassessed in subsequent years. No such exception is made, and the statute bears no such construction.

The decree of the court below must be affirmed.

The other Justices concurred.