STATE OF NORTH CAROLINA v. CHAMPION FIBRE COMPANY
AND SWAIN COUNTY, NORTH CAROLINA.

(Filed 8 March, 1933.)

**Taxation D a—Liability for taxes arises on July first of each year.**

> Construing chapters 427 and 428, Public Laws of 1931, and C. S., 1334(53), it *is held,* the liability of a landowner for taxes arises on July first of each year, and where land has been conveyed to the State for public park purposes (chapter 48, Public Laws of 1927) by deed executed in April the land is not subject to taxes for the fiscal year beginning the following July, it having been withdrawn from taxation by act of the State.

CIVIL ACTION, before *Clement, J.,* at September Term, 1932, of BUNCOMBE.

The agreed facts are substantially as follows:

On 29 January, 1930, the State of North Carolina filed its petition in the Superior Court of Buncombe County, praying for the condemnation of certain lands owned by the defendant, Champion Fibre Company, for park purposes, by virtue of the provisions of chapter 48 of Public Laws of 1927. No orders or judgments in the cause appear in the record, but on 29 April, 1931, the Champion Fibre Company, conveyed the land to the State. The deed was filed on 13 May, 1931, and

recorded on 5 June, 1931, and thereafter on 20 July, 1931, the State conveyed the land to the United States of America. The Champion Fibre Company did not list the lands for taxation on 1 April, 1931, but the officers of Swain County, where the land is situated, listed the same for taxation as of 1 April, 1931. No tax was paid and the land was sold and purchased by Swain County. The amount claimed by the county, together with penalties and costs amounted to $12,380.01.

The trial judge was of the opinion that the said taxes were not a lien upon the lands nor a debt of the Champion Fibre Company, and ordered that the tax certificates held by the county be canceled.

From such judgment Swain County appealed.

*Attorney-General Brummitt, and Assistant Attorneys-General Seawell and Siler for the State.*

*Jones & Ward for Champion Fibre Company.*

*Frye & Jones and Edwards & Leatherwood for Swain County.*

BROGDEN, J. When does the liability of the taxpayer for State and county taxes arise or begin with reference to taxes levied upon real estate?

Prior to 1931 there were certain conflicts in the revenue and machinery acts with reference to the collection of taxes. By virtue of chapter 427 of Public Laws of 1931 and chapter 428 thereof certain changes have been made in the taxing laws. A definite time is now set for various steps in the taxing process. These may be classified as follows:

(1) In quadrennial assessment years the value of real property shall be determined on 1 January; in other years 1 April.

(2) The listing for taxation with reference to ownership is fixed as of 1 April.

(3) The Board of Equalization and Review shall meet on the third Monday in June and "complete their duties on or before the first Monday in July" of each and every year.

(4) The board of county commissioners "shall not later than the second Monday in August levy such rate of tax for said purposes as may be necessary," etc.

(5) All taxes levied and assessed by any county "shall be due and payable on the first Monday of October of the year in which so assessed and levied."

(6) The lien of taxes shall attach to all real estate "annually on the date that such taxes are due and payable."

It is contended by the State and the Champion Fibre Company that the landowner was not liable for taxes listed by Swain County on 1

April, 1931. Upon the other hand Swain County contends that liability begins at listing time on 1 April in each year.

Section 490 of chapter 427 of the Public Laws of 1931, provides that "State, county and municipal taxes levied for any and all purposes pursuant to this act shall be for the fiscal year in which they become due," etc. The only statutory definition for the term "fiscal year" is C. S., 1334(53), as follows: "The 'fiscal year' is the annual period for the compilation of fiscal operations, and begins on the first day of July and ends on the 30th day of June." Thus it is apparent, that welding the statutes together by established rules of correct interpretation, the fiscal year and the tax year are coterminous and coincident. Therefore, when the Champion Fibre Company paid taxes levied in 1930, such payment covered a definite period from 1 July, 1930, to 30 June, 1931. Hence the liability of the landowner for taxes for the year 1931 arose and began on 1 July, 1931.

The title to the property passed to the State in April, 1931, by deed duly executed and recorded, and as a result the property was withdrawn from taxation by conveyance to the sovereign prior to the date of attaching liability, and the ruling of the trial judge was correct. This view of the case eliminates a discussion of the legal effect of the filing of the petition in the condemnation proceeding.

Affirmed.