R. L. STONE, OTIS STONE, J. R. GROGAN, J. D. JOYCE, FRANK CRAD-
DOCK, C. N. KALLAM, S. T. HODGIN, TOM LESTER, J. B. KING,
TOM LEMONS, SUSIE SMITH, ANNA LEE PRICE, C. H. LESTER,
MARTIN LEMONS, CHARLIE KNIGHT, ET AL., v. BOARD OF COM-
MISSIONERS OF THE TOWN OF STONEVILLE, OTIS JOYCE, MAYOR
OF THE TOWN OF STONEVILLE, AND STEVE SMITH, CLERK AND TAX-LISTER
OF THE TOWN OF STONEVILLE.

(Filed 15 June, 1936.)

1. **Appeal and Error F b—An exception to failure to find certain facts will
not be considered unless party has aptly requested such findings.**

An exception to the failure of the court to find certain facts deemed
material by a party will not be considered unless the party has aptly
requested the court to make such findings, and the mere tender of judg-
ment and exception to the court's refusal to sign same is insufficient for
this purpose.

2. **Taxation F c—Compromise and settlement of tax by town authorities
held not subject to upset in mandamus proceedings in this case.**

Defendant town commissioners compromised and settled a claim for
taxes against the purchasers of property of an insolvent corporation which
had been given immunity to taxation by the town for a period of ten
years, under the terms of a resolution passed by the commissioners of the
town, the corporation becoming insolvent prior to the expiration of the
prescribed time. The action of the commissioners was ratified by act of
the Legislature (Private Laws of 1935, ch. 87, sec. 3). Plaintiffs, taxpayers
of the town, brought this *mandamus* proceeding to compel the commis-
sioners to list and assess the property for taxation for the prior five years.
*Held:* In the absence of a finding that the board of commissioners acted
in bad faith in making the compromise settlement of the tax, or abused
its discretion in so doing, *mandamus* was properly denied. N. C. Code,
7971 (50), subsec. 5.

3. **Mandamus A b—**

*Mandamus* will lie only to compel the performance of a clear legal duty,
and then only at the instance of a party having a clear legal right to
demand its performance.

STACY, C. J., and CONNOR, J., dissent.

APPEAL by plaintiffs, petitioners, from *Clement, J.,* at March Term,
1936, of ROCKINGHAM. Affirmed.

This is a civil action for *mandamus* to compel the board of commis-
sioners of the town of Stoneville to list and assess certain property
located within the town of Stoneville. Plaintiffs appealed from judg-
ment of Clement, J., denying the writ.

The judgment of the court below is as follows:

"This cause coming on to be heard, and being heard upon the verified petition, affidavits filed, arguments and admissions of counsel, the court finds the following facts:

"That the plaintiffs are citizens, residents, and taxpayers of the town of Stoneville, N. C. That the defendants are the commissioners and tax collector of the town of Stoneville. That said commissioners are the governing body of the town and have power to levy and collect taxes.

"That certain property belonging to a corporation known as the Stoneville Cabinet Company, and its successors, C. K. Nolan, J. H. Holland, and R. T. Stone, was not listed for taxation by the town of Stoneville for the years 1924 to 1934, inclusive. That said property consisted largely of a furniture factory, land, buildings, machinery, fixtures, lumber, and materials for manufacture. That said property has been listed for the purposes of taxation by Rockingham County for the entire period of ten years. That for the five-year period ending 1934, the entire property, at the valuations listed by Rockingham County and at the tax rate of the town of Stoneville, would have yielded taxes in the sum of $1,263.09. That all of the said unlisted property did not lie within the town of Stoneville; that the corporate line of said town lay through the lands and property aforesaid, and although the greater portion of said property was within the corporate limits of said town, there has been no separate appraisals of the properties which lay within the corporate limits and those which lay without the corporate limits.

"That the purpose of this proceeding is to force the governing body of the town of Stoneville to list for taxation and collect the taxes on the unlisted property, heretofore described, within the corporate limits, for the five-year period ending with the year 1934.

"That, about the year 1924, a mass meeting of the citizens of the town of Stoneville was held; that in order to induce the construction of a factory, the proposal was made to exempt the property from taxation for a period of ten years; that the governing body of the town, acting upon such proposal and resolution adopted by the mass meeting, attempted to exempt the property from taxation for a period of ten years; that upon faith of the inducement the Stoneville Cabinet Company was organized and started business.

"That, prior to the expiration of the ten-year period, the Stoneville Cabinet Company became insolvent and was sold for the benefit of creditors; that the purchasers, J. H. Holland, C. K. Nolan, and R. T. Stone, bought the property at said sale. That the value of the property for taxable purposes was ascertainable.

"That during the period during which taxation is sought to be enforced, some of the property, including machinery and fixtures, lumber and materials, have been sold and have gone into hands of purchasers.

"That when the petition in this cause was served upon the commissioners, said governing body called upon the then owners of the remaining properties known as the Stoneville Cabinet Company and demanded tax on the properties lying within the corporate limits of the town; that the owners refused to pay the tax; that said owners offered to pay $100.00 by way of compromise; that the said governing body accepted the offer by way of compromise.

"That the Legislature of North Carolina enacted a statute entitled 'An Act to Validate the Acts of the Town of Stoneville with Regard to Taxation,' chapter 87, Private Laws of 1935. That said act provides: 'That the acts of the board of commissioners of the town of Stoneville in compromising and settling said claim for taxes against the property of the Stoneville Cabinet Company, Inc., and its successors in title, for the years prior to one thousand nine hundred and thirty-five be and are hereby ratified, approved, and validated.'

"Upon the facts found, the court is of the opinion that *mandamus* will not lie. It is therefore considered, ordered, and adjudged that the petition be and is hereby denied. J. H. Clement, Judge, 11th Judicial District."

To the signing of the foregoing judgment the plaintiffs, petitioners, excepted, assigned error, and appealed to the Supreme Court.

*Sharp & Sharp and Fred S. Hutchins for plaintiffs, petitioners.*
*P. W. Glidewell and Allen H. Gwyn for defendants.*

CLARKSON, J. The plaintiffs except and assign error on the ground that the court below erred in failing to make the findings of fact and holdings of law requested by the plaintiffs in Judgment Nos. 1 and 2, and failing to sign same. We do not think these exceptions and assignments of error are borne out by the record.

The record discloses: (1) "The petitioners tendered Judgment No. 1 and requested the court to sign it. This the court refused to do, whereupon petitioners except." (2) "Petitioners then tendered Judgment No. 2, and requested the court to sign the same; this the court refused to do. To this refusal, the petitioners excepted."

There is set forth in the record Judgment Nos. 1 and 2 tendered by plaintiffs, petitioners. It is well settled in this jurisdiction, "If a party thinks that certain findings of fact should be made as material to the case, he should present the same to the court with the request to make such findings; otherwise they will not be considered on appeal." N. C. Prac. and Proc. in Civil Cases (McIntosh), p. 555.

Const. of N. C., Art. V, sec. 3, in part, is as follows: "Laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise; and, also, all real and personal property, according to its true value in money," etc.   This constitutional provision has been recently discussed in several cases. *Ins. Co. v. Stinson, ante,* 69; *Mecklenburg County v. Sterchi Bros. Stores, Inc., ante,* 79; *County of Mecklenburg v. Piedmont Fire Ins. Co., ante,* 171.

N. C. Code, 1935 (Michie), sec. 7971 (50) 5, in part, is as follows: "The board of county commissioners or the governing body of any municipal corporation is hereby authorized and empowered to settle and adjust all claims for taxation arising under this section or any other section authorizing them to place on the tax list any property omitted therefrom."

Private Laws of 1935, ch. 87, sec. 3, is as follows: "That the acts of the board of commissioners of the town of Stoneville in compromising and settling said claim for taxes against the property of the Stoneville Cabinet Company, Inc., and its successors in title for the years prior to one thousand nine hundred and thirty-five, be and are hereby ratified, approved, and validated."

The governing body of the town of Stoneville settled this controversy under the provisions of law above set out and the General Assembly "ratified, approved, and validated" the compromise and settlement.

There is no finding of fact that the defendant board of commissioners of the town of Stoneville acted in bad faith in making the compromise settlement of the tax, or abused its power or discretion in so doing. So, the only question presented is: Can *mandamus* be resorted to?   We think not.

In *Woodmen of the World v. Comrs. of Lenoir,* 208 N. C., 433 (434), speaking to the subject, it is said: "The extraordinary writ of *mandamus* is never issued unless the party seeking it has a clear legal right to demand it, and the defendant must be under a legal obligation to perform the act sought to be enforced.   *John v. Allen,* 207 N. C., 520."

The judgment of the court below is
Affirmed.

STACY, C. J., and CONNOR, J., dissent.