STANDARD FERTILIZER COMPANY, INC., v. EDWIN GILL, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 26 September, 1945.)

**1. Limitation of Actions § 1b—**

No statute of limitations runs against the sovereign unless it is expressly named therein.

**2. Taxation § 15: Limitation of Actions § 2e—**

The collection of a use or excise tax being subject to the same statute of limitations, which applies to the collection of the sales tax (G. S., 105-174 [b], -227), a use or excise tax, which accrued in the year 1937, is barred by the three-year statute of limitations, when assessed in 1942.

**3. Same—**

G. S., 105-174, deals not only with deficiencies, but it is also intended to affect assessments made where no return has been filed. In the absence of fraud, the Commissioner of Revenue can make no assessment, for deficiency or otherwise under the provisions of the statute, which shall extend to sales made more than three years prior to the date of the assessment.

APPEAL by plaintiff and defendant from *Carr, J.,* at December Term, 1944, of MARTIN.

This is an action to recover taxes paid under protest.

The parties waived trial by jury and submitted the controversy to the judge upon an agreed statement of facts, the pertinent part of which is as follows:

1. On 30 April, 1937, the plaintiff entered into a contract with the Viking Sprinkler Company of Pennsylvania (hereinafter referred to as the "Sprinkler Company"), a Pennsylvania corporation, for the installation of a sprinkler system in its fertilizer plant at Williamston, North Carolina, for the sum of $36,450.00.

2. In compliance with the terms of said contract, the Sprinkler Company purchased and paid for all the materials used in the construction of the sprinkler system prior to 30 June, 1937. The proportion of the installation that had been completed prior to 30 June, 1937, was 40% of the total installation, the remaining 60% being completed subsequent to 30 June, 1937, but during said year. The plaintiff did not pay the Sprinkler Company any part of the contract price until after 30 June, 1937. The Sprinkler Company nor the plaintiff paid any tax to the defendant on the materials used in the construction of said sprinkler system, as required by section 427 of the Revenue Act of 1937, and no return was filed by either party, as required by Article 5, Schedule E, of the Revenue Act of 1937 (Public Laws 1937, ch. 127).

3. During August, 1942, the defendant, upon the asserted authority of the aforesaid section of the Revenue Act of 1937, assessed upon the plaintiff the excise tax of 3% authorized by said statute on account of the purchase and use of the materials employed in the construction and installation of the said sprinkler system. The total tax, penalty and interest thus assessed was $1,203.41. The return upon which the assessment was based was prepared by defendant's auditor. Plaintiff paid the

tax under protest on 7 September, 1943, and has complied with all the statutory requirements relating to the payment of said tax under protest, and is entitled to bring this action to determine the validity of the assessment and the collection of said tax, penalty and interest.

4. The defendant, after the collection of the tax, penalty and interest in the sum of $1,203.41, found, upon additional information obtained, that the amount should be reduced $308.75, and agreed that the court should render a judgment for said amount in favor of the plaintiff. The court, being of the opinion that the plaintiff was entitled to recover 40% of the sum of $894.66, in addition to the $308.75 tendered by the defendant, making a total of $666.61, and such sum was all the plaintiff was entitled to recover, entered judgment accordingly. The plaintiff and defendant appealed to the Supreme Court, assigning error.

*R. L. Coburn for plaintiff.*

*Attorney-General McMullan and Assistant Attorneys-General Spruill and Tucker for defendant.*

DENNY, J. The plaintiff contends that any assessment authorized by section 427 of the Revenue Act of 1937, for the collection of an excise tax on the purchase or use of materials in the year 1937, was barred by the three-year statute of limitations at the time the defendant made the assessment against the plaintiff in August, 1942.

The statute relied upon by the plaintiff was enacted by the General Assembly in 1941, being chapter 50, section 6, subsection (f), of the Public Laws of 1941, amending subsection (b) of section 414 of the Revenue Act of 1939, G. S., 105-174, which reads as follows: "Provided, however, in the absence of fraud, no assessment authorized by this article shall extend to sales made more than three (3) years prior to the date of assessment; and in cases where an audit shall have been made under the direction of the Commissioner of Revenue any assessment in respect to such audit shall be made within one year after the completion of the audit."

It has been uniformly held in this jurisdiction that "No statute of limitations runs against the sovereign unless it is expressly named therein." *Charlotte v. Kavanaugh,* 221 N. C., 259, 20 S. E. (2d), 97; *Wilmington v. Cronly,* 122 N. C., 388, 30 S. E., 9. However, the General Assembly has from time to time enacted statutes of limitation affecting the right of the State and its subdivisions, to collect delinquent taxes. But there appears to have been no effort on the part of the law-making body to establish uniformity in the provisions of these various Acts.

It will be noted that in Article 3, Schedule C, G. S., 105-114, *et seq.*, which provides for the collection of a franchise tax, the Commissioner of Revenue is authorized to review any return and assess such additional tax as he may determine to be due at any time within three years after the time when the return was due. However, it is expressly provided in the statute (G. S., 105-124) that, "In the case of any taxpayer who has failed to file any return or statement required under this article or schedule, the limitation of three years shall not apply and the commissioner of revenue shall, from facts within his knowledge, prepare tentative returns for such delinquent taxpayer, and shall assess the taxes, penalties and interest upon these findings; this provision shall not be construed to relieve said taxpayer from liability for a return or from any penalties and remedies imposed for failure to file proper return." While in Article 4, Schedule D, G. S., 105-130, *et seq.*, which provides for the levy and collection of an income tax, it is provided therein (G. S., 105-160), that the Commissioner of Revenue may at any time within three years (except where the taxpayer has failed to notify the Commissioner of additional assessment by the Federal Department as provided in G. S., 105-159), after the time when return was due, make a deficiency assessment. This statute provides further that: "The limitation of three years to the assessment of such tax or an additional tax shall not apply to the assessment of additional taxes upon fraudulent returns. Upon failure to file returns and in the absence of fraud the limitation shall be five years."

G. S., 105-227, provides: "All provisions not inconsistent with this article in Schedule E, secs. 105-164 to 105-187, and Schedule J, secs. 105-229 to 105-269, relating to administration, auditing, and making returns, promulgation of rules and regulations by the commissioner, imposition and collection of tax and the lien thereof, assessment, refunds, and penalties, are hereby made a part of this article and shall be applicable hereto." The foregoing statute, in substance, was contained in the Revenue Act of 1937, sec. 427, subsection (b). Hence, the collection of the excise or use tax is subject to the same statute of limitations which governs the assessment and collection of the sales tax.

The defendant contends that the statute of limitations under consideration here is in the form of a proviso contained in section 414, of the Revenue Act, as amended in 1941, G. S., 105-174, which deals with deficiencies and was not intended to affect assessments made where no return has been filed. It is further contended that when the Commissioner determines the amount due from a taxpayer who has failed to file a return, the amount ascertained to be due is not an assessment within the meaning of the statute, notwithstanding the demand made by the

Commissioner for the payment thereof. We think both contentions must be resolved against the defendant. In the absence of fraud, the Commissioner can make no assessment for deficiency or otherwise under the provisions of the Article, which shall extend to sales made more than three years prior to the date of the assessment. No distinction is made between an assessment for a deficiency and an assessment made where no return has been filed. In this respect the statute differs from the statutes of limitation relative to the collection of franchise and income taxes.

Moreover, the statute which was in effect in 1937, and has been continuously since that time, now being G. S., 105-177, provides the procedure to be followed by an aggrieved taxpayer in contesting the collection of a sales or excise tax, and denominates the amount claimed by way of a deficiency or in the absence of a report as an assessment.

The collection of a use or excise tax being subject to the same statute of limitations, which applies to the collection of the sales tax, and the tax involved herein having accrued in the year 1937, the same was barred by the three-year statute of limitations, when the assessment was made in August, 1942. *Raleigh v. Jordan,* 218 N. C., 55, 9 S. E. (2d), 507.

In view of the conclusion reached relative to the statute of limitations, a discussion of the remaining questions presented would be superfluous. This cause will be remanded for judgment in accord with this opinion.

Plaintiff's appeal—error and remanded.

Defendant's appeal—error and remanded.