OCEAN HILL JOINT VENTURE v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, AN AGENCY OF THE STATE OF NORTH CAROLINA AND WILLIAM W. COBEY, JR., SECRETARY OF THE NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES

No. 911SC240

(Filed 4 February 1992)

**Limitation of Actions § 4 (NCI3d) — civil penalties assessed by administrative agency — one-year statute of limitation — accrual**

The Department's civil penalty assessment pursuant to N.C.G.S. § 113A-64(a) (the Sedimentation Pollution Control Act) two years and seven months after the date of the last violation was barred by N.C.G.S. § 1-54(2). Civil penalty assessments by the Department under N.C.G.S. § 113A-64(a) clearly fall within the purview of actions or proceedings which are subject to the statute of limitations of N.C.G.S. § 1-54(2). A cause of action accrues under N.C.G.S. § 113A-64(a) the last date a violation occurs, and the statute of limitations prescribed by N.C.G.S. § 1-54(2) is inoperative as long as a violation under N.C.G.S. § 113A-64(a) continues.

**Am Jur 2d, Forfeitures and Penalties § 95.**

APPEAL by petitioner from judgment entered 31 January 1991 by *Judge Thomas S. Watts* in CURRITUCK County Superior Court. Heard in the Court of Appeals 4 December 1991.

While preparing land for development on the Currituck County Outer Banks in 1987, petitioner, Ocean Hill Joint Venture (Ocean Hill), by and through its engineers and contractors, violated the Sedimentation Pollution Control Act of 1973 (SPCA). The violation arose when Ocean Hill failed to file and secure approval of an erosion and sedimentation control plan prior to undertaking develop-

ment activities. Ocean Hill also failed to secure devices which would retain sediment on the site during the course of development.

Pursuant to 15 N.C. Admin. Code 4C.0003, respondent, Department of Environment, Health and Natural Resources (Department), assessed civil penalties against Ocean Hill on 10 January 1990 for its violations of the SPCA. The penalties assessed were in the amount of one hundred dollars per day for the eighty-seven day period of 25 February 1987 to 22 May 1987 for a total penalty of $8,700. By way of response, Ocean Hill filed a petition for a contested case hearing with the Office of Administrative Hearings on 13 March 1990 pursuant to G.S. 150B-23 and 15 N.C. Admin. Code 4C.0008.

On 18 May 1990 Ocean Hill filed a motion for summary judgment in the administrative proceeding, asserting the civil penalty assessment on 10 January 1990 was barred by the one year statute of limitations under G.S. 1-54(2). Following the response of the Department, the Administrative Law Judge entered an order dated 1 June 1990 denying Ocean Hill's motion for summary judgment. The Administrative Law Judge recommended a Consent Order and Final Decision which was entered into by the parties and adopted by the Secretary as the final agency decision on 22 October 1990. In this Consent Order and Final Decision, the parties agreed the sum of $6,090 would be a fair settlement of the amount in controversy should it be determined the civil penalties were assessed in a timely fashion. This final agency decision also expressly reserved the right of Ocean Hill to seek judicial review on the sole issue of the applicability of the one year statute of limitations pursuant to G.S. 1-54(2). Further, the parties agreed that if no timely appeal was taken, or if the denial of summary judgment was affirmed on judicial review, Ocean Hill would pay the Department the sum agreed upon.

Subsequently, Ocean Hill filed a petition for judicial review of the agency decision in Superior Court on 13 November 1990 alleging the one year statute of limitations within G.S. 1-54(2) barred such decision and civil penalty assessment. By judgment dated and filed 31 January 1991 the court affirmed the consent order and final decision, concluding the one year statute of limitations contained in G.S. 1-54(2) did not apply and did not bar the civil penalty assessment.

OCEAN HILL JOINT VENTURE v. N.C. DEPT. OF E.H.N.R.

[105 N.C. App. 277 (1992)]

*Hornthal, Riley, Ellis & Maland, by M. H. Hood Ellis, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Daniel F. McLawhorn and Assistant Attorney General Kathryn Jones Cooper, for respondent appellees.*

WALKER, Judge.

Ocean Hill presents primarily two questions on appeal. The first addresses whether G.S. 1-54(2) applies to administrative actions taken pursuant to G.S. 113A-64(a). If we answer affirmatively, then we must determine whether G.S. 1-54(2) bars the Department's assessment of a civil penalty more than one year after the date of the last violation of the SPCA.

Both parties admit the civil penalty is assessed pursuant to G.S. 113A-64(a), which does not contain a statute of limitations for the imposition of civil penalties. The Department contends G.S. 1-54(2) does not begin to run at the time a civil penalty can first be assessed pursuant to G.S. 113A-64(a) but only when the collection action, which must be initiated after a civil penalty has been assessed but unpaid, may be filed. G.S. 1-54 provides for a statute of limitations:

Within one year an action or proceeding—

. . . .

(2) Upon a statute, for a penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a different limitation.

The first issue, then, is whether an administrative agency's assessment of civil penalties pursuant to a statute constitutes an "action or proceeding" within the meaning of G.S. 1-54, so as to be subject to the one year limitation.

We believe civil penalty assessments by the Department under the SPCA clearly fall within the purview of "actions or proceedings" which are subject to the statute of limitations of G.S. 1-54(2). Article IV, Sec. 3 of the N.C. Constitution provides in part:

The General Assembly may vest in administrative agencies established pursuant to law such judicial powers as may be reasonably necessary.

Consequently, G.S. 113A-64(a) has been expressly held to be a valid delegation of judicial power. *In the Matter of Appeal From the Civil Penalty Assessed for Violations of the SPCA*, 92 N.C.App. 1, 373 S.E.2d 572 (1988), *reversed on other grounds*, 324 N.C. 373, 379 S.E.2d 30 (1989). In that case, the Court noted that "discretionary judicial authority may be granted to an agency when reasonably necessary to accomplish the agency's purposes." *Id.* at 379, 379 S.E.2d at 34. The Legislature may also properly confer on an administrative agency the power to assess a monetary penalty. *Id.* at 380, 379 S.E.2d at 34.

In *Holley v. Coggin Pontiac*, 43 N.C.App. 229, 259 S.E.2d 1, *disc. review denied*, 298 N.C. 806, 261 S.E.2d 919 (1979), this Court asked the question, "[W]hen, if ever, is the one-year statute of limitations for penalties to apply?"

The answer is that the one-year rule applies when a penalty is provided "upon a . . . statute," G.S. 1-54(2), and since penal statutes are to be construed strictly . . . we take this to mean that the "penalty" must be spelled out and not implied. (Citation omitted.)

*Id.* at 241-242, 259 S.E.2d at 9. The Court concluded, therefore, that G.S. 75-15.2 was a "civil penalty" which was given to the State through the Attorney General's utilization of it. No statute of limitations was prescribed within G.S. 75-15.2 so consequently, it was subject to the one-year statute of limitations of G.S. 1-54(2). *Id.*

We acknowledge the general rule that "a statute of limitations should not be applied to cases not clearly within its provisions." *Carolina Beach Fishing Pier, Inc. v. Town of Carolina Beach*, 274 N.C. 362, 372, 163 S.E.2d 363, 370 (1968). G.S. 113A-64(a), like G.S. 75-15.2 in *Holley*, confers upon the State, through the Department and the Attorney General, the right to assess and collect such civil penalties. G.S. 113A-64(a) authorizes the Secretary of the Department of Environment, Health, and Natural Resources to refer cases to the Attorney General for collection of unpaid civil penalties assessed under this statute. Insofar as the language of G.S. 1-54(2) does not distinguish between the "State" and an "administrative agency" we are not prepared to make any differentiation whereby

administrative agencies would be excluded from the statute of limitations contained within this section. Instead, as no other statute of limitations is provided for in the Act, G.S. 1-54(2) would be enforceable against the Department, as agent of the State.

Having established G.S. 1-54(2) applies to civil penalty assessments pursuant to G.S. 113A-64(a), we must determine whether the statute of limitations of G.S. 1-54(2) works to bar the Department's assessment of civil penalties more than one year after the date of the last violation. Generally, a statute of limitations begins to run when a cause of action accrues. The SPCA, however, makes no reference to any time limitation for the assessment of civil penalties. G.S. 113A-64(a)(1) provides "[n]o penalty shall be assessed until the person alleged to be in violation has been notified of the violation. Each day of a continuing violation shall constitute a separate violation." The problem before us, then, is to ascertain when a right to bring the action or proceeding of assessment is deemed to arise under G.S. 113A-64(a).

The Supreme Court has held that where the Commissioner of Revenue makes civil penalty assessments the cause of action arises on the last date of the violative act giving rise to the penalty assessment. In *Colonial Pipeline Co. v. Clayton, Commr. of Revenue*, 275 N.C. 215, 166 S.E.2d 671 (1969) the facts indicated the plaintiff filed its required use tax reports and made payments for the months of October 1962 through May 1963, the last payment being made on 12 June 1963. The Commissioner of Revenue sought to assess penalties for this period on 16 November 1966. The relevant statute of limitations was set forth in G.S. 105-241.1(e) for a period of three years. The Court held the statute of limitations began to run on the date the underlying violation occurred, and penalties could be assessed. Insofar as the assessment was not until 16 November 1966, more than three years from the last date of the violative act, the attempted assessment was barred.

Similarly, in *Standard Fertilizer Company, Inc. v. Gill, Commr. of Revenue*, 225 N.C. 426, 35 S.E.2d 275 (1945), plaintiff failed to pay any tax to defendant on materials used in the construction of a sprinkler system. The system was completed in 1937 but the defendant did not assess the tax or penalties until 1942. The Court, noting a three year statute of limitations was applicable, held the 1942 assessment to be barred by this limitations period.

In ascertaining when a cause of action accrues under G.S. 113A-64(a) there is no express provision by the Legislature and we conclude the applicable time is the last date the violation occurred. In *McMahon v. United States*, 342 U.S. 25, 96 L.Ed 26 (1951), the Supreme Court observed the relevant statute (the Clarification Act) was devoid of any evidence that Congress intended the cause of action to arise at any time other than the occurrence of the violative act. Consequently, the limitations period was held to run from the time of the injury.

In accord with North Carolina's position is the case *United States v. Core Laboratories*, 759 F.2d 480 (5th Cir. 1985). There, the U.S. Commerce Department sought to assess a civil penalty against the defendant for violations of the Export Administration Act. The statute provided that an action to enforce a penalty must be brought within five years from the date when the claim first accrued. The last violations allegedly took place on 1 August 1978 and the administrative proceeding on these charges was initiated on 19 November 1979. Civil penalties were imposed on 14 March 1983 and Core refused to pay. On 24 January 1984 a civil collection action was instituted to enforce the penalties. Core asserted that the five-year statute of limitation began to run in 1978 and the action was barred. The Court rejected the argument and held the claim accrued on the last date the underlying violation occurred.

The Department contends the First Circuit Court of Appeals considered similar facts but correctly rejected the *Core* holding in *United States v. Meyer*, 808 F.2d 912 (1st Cir. 1987), where the Court held the statute of limitations did not begin to run until the date of the final agency decision (the date the civil penalties would be assessed). This holding, however, is contingent upon the initial assessment having been made in a timely manner. In *Meyer*, the civil penalties were assessed within the requisite time period, whereas in the case at bar the civil penalties were not assessed until well beyond the one year prescribed by G.S. 1-54(2).

In support of our position we further note that in ascertaining when a cause of action first accrues, it is necessary to consider the general purpose of the statute "with due regard to those practical ends which are to be served by any limitation of the time within which an action must be brought." *Reading Co. v. Koons*, 271 U.S. 58, 62, 70 L.Ed. 835, 837 (1926). The Department contends the Act anticipates no penalty will be assessed until the violation

has been remedied. Further, the Department takes the position that the Secretary cannot assess a civil penalty consistent with the statutory directives if the violation is continuing and/or resulting environmental damage remains uncorrected. While we are not prepared to address other situations, clearly where as here the problem had been remedied and the violation ended as of 22 May 1987, the Department would not be forced to make multiple assessments. As long as a violation under G.S. 113A-64(a) continues, the statute of limitations prescribed by G.S. 1-54(2) is inoperative.

The Department also urges a construction whereby it would not be subject to any limitation within which to assess civil penalties. We cannot agree with such an interpretation which would subject a party indefinitely to the possibility of a civil penalty assessment. A party is entitled to some security from stale claims, and it is this protection which a statute of limitations purports to provide. *Shearin v. Lloyd*, 246 N.C. 363, 98 S.E.2d 508 (1957).

Under the facts of this case, we hold the one year statute of limitations period of G.S. 1-54(2) begins to run on the date of the last occurring violation of G.S. 113A-64(a). Having determined a violation occurred, the Department had the right to make an assessment on 22 May 1987. The Department's civil penalty assessment pursuant to G.S. 113A-64(a) two years and seven months after the date of the last occurring violation, however, was barred by G.S. 1-54(2).

Therefore we reverse the judgment of the Superior Court and remand with directions that this case be remanded to the Office of Administrative Hearings for entry of an order dismissing the assessment.

Reversed and remanded.

Judges WELLS and LEWIS concur.