J. ARCHIE WILSON v. MARIAN S. WILSON.

(Filed 25 November, 1964.)

**1. Appeal and Error § 19—**

Assignments of error must be based on exceptions duly noted, and may not present a question not embraced in the exceptions.

**2. Appeal and Error § 21—**

An exception to the judgment presents the correctness of the judgment and whether it is supported by the verdict, properly interpreted, but it cannot affect the verdict.

**3. Trial § 42—**

The verdict will be interpreted with reference to the pleadings, evidence, and charge, and to the extent it is not inconsistent and repugnant when so construed, is acceptable.

**4. Claim and Delivery § 5—**

Where judgment is entered that plaintiff is entitled to the chattel, judgment against the surety on plaintiff's bond may not be allowed, even though defendant recovers judgment against plaintiff for purchase money payments made on the chose.

APPEAL by plaintiff from *Walker, S. J.*, December 1963 Civil Session of WAKE.

This is an action for possession of an automobile.

Defendant is plaintiff's daughter-in-law. Plaintiff purchased the automobile in 1959 about two months prior to the marriage of defendant and plaintiff's son; his son was then a minor. Plaintiff registered the car in his own name, but defendant and her husband kept and used it. There is evidence that defendant drove the car to and from work, and that she paid most of the credit installments on the car as they fell due. She and her husband separated in September 1962 and she retained possession of the car.

Plaintiff instituted this action and caused the automobile to be seized under claim and delivery proceedings. Defendant failed to replevy.

Plaintiff thereafter sold the automobile. Defendant counterclaimed for $2558.59 for payments which she alleges she made on the purchase of the vehicle.

The jury found that plaintiff is entitled to the possession of the automobile and defendant is entitled to recover of plaintiff and his surety the sum of $1000. Judgment was entered accordingly. Plaintiff appeals.

*Morris & Grandy for plaintiff.*
*Lake, Boyce & Lake for defendant.*

PER CURIAM. "Assignments of error must be based on exceptions duly noted, and may not present a question not embraced in the exception." 1 Strong: N. C. Index, Appeal and Error, § 19, p. 89. The only exception in the record on this appeal is to the signing and entry of the judgment. "An exception to the judgment presents the correctness of the judgment and whether it is supported by the verdict, properly interpreted, but it cannot affect the verdict." *Ibid*, § 21, p. 93.

The first and third issues, when considered according to their phraseology, are inconsistent and repugnant. But when interpreted by reference to the pleadings, evidence and charge of the court (*Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460), the verdict is sustained, except as to the surety on plaintiff's undertaking in claim and delivery. Such surety must be discharged from liability where it is determined by the verdict that plaintiff is entitled to the possession of the chattel in question.

The judgment as against John B. Rogers, surety, will be vacated. In all other respects the judgment is affirmed.

Modified and affirmed.