ROBERT M. TYNDALL, T/A TREBLE PRODUCTIONS v. TRIANGLE MOBILE HOMES, INC.

(Filed 19 May, 1965.)

1. **Appeal and Error § 49; Judgments § 22—**

   Upon the hearing of a motion to set aside a default judgment for surprise and excusable neglect, controverted facts are to be decided by the court, but the court, in the absence of a specific request therefor, is not required to make specific findings, and in the absence of specific findings it will be presumed that the court found facts supporting its factual conclusions.

2. **Appeal and Error § 19—**

   An assignment of error which is not supported by an exception duly noted will not be considered.

3. **Process § 11—**

   Service of process on a named corporation by delivering a copy of the summons to its managing officer is valid service. G.S. 1-97(1).

4. **Process § 4—**

   The sheriff's return of summons establishes service *prima facie* and places the burden upon defendant to show want of service when relied upon by him.

APPEAL by defendant from *Burgwyn, E.J.,* December 14, 1964 Civil Non-Jury Session of GUILFORD, Greensboro Division.

This is an appeal from a judgment denying defendant's motion to set aside a default judgment rendered against it June 17, 1964 by the Greensboro Civil Division of the Guilford Municipal-County Court.

On May 7, 1964, plaintiff filed a verified complaint in the Municipal-County Court, alleging defendant was, by an express contract, indebted to him in the sum of $650. Thereupon, summons, directed to the Sheriff of Guilford County, issued for defendant. He returned the summons on May 11, showing service on defendant by delivering a copy of the summons with a copy of the complaint to defendant's general manager, L. W. Powell. Defendant filed no pleadings, nor did it enter an appearance. On June 17, 1964, the judge of the Municipal-County Court rendered judgment for the amount demanded. The judgment recited the filing of the verified complaint, the issuance and service of process, and the failure of defendant to plead.

On July 7, 1964, counsel for Triangle Mobile Homes of Greensboro, Inc. gave plaintiff notice that it would move on July 24 to vacate the default judgment, assigning as the reason therefor its asserted excusable neglect. The motion was heard at the appointed time. The court treated the motion as one made by named defendant. It made the factual conclusion that defendant had not shown excusable neglect. It denied the motion. Thereupon, counsel for defendant gave notice of appeal to the Superior Court. The appeal was not perfected.

On August 10, 1964, defendant filed another motion in the Municipal-County Court to vacate the judgment rendered on June 17, 1964. It then based its motion on its assertion that Powell was not, in May 1964, its manager or its employee, but was in truth the manager and employee of Triangle Mobile Homes of Greensboro, Inc.

A hearing was had in the Municipal-County Court on this motion on September 14, 1964. The parties offered evidence to support their respective contentions relating to the validity of the service of process. The court denied the motion to vacate, stating: "It appearing to the Court that proper service was made upon defendant on 11 May 1964, and that the defendant has not shown sufficient cause to have the judgment herein set aside." Defendant excepted and appealed. The appeal was heard at the December 1964 Session of the Superior Court. Judge Burgwyn, after hearing the parties, made the factual conclusion "that the action of the Court below should be approved and affirmed." He denied defendant's motion. Defendant excepted and appealed.

*Benjamin D. Haines for defendant appellant.*
*Hoyle, Boone, Dees & Johnson for plaintiff appellee.*

RODMAN, J.  The motion to vacate the judgment was based on factual allegations which, if established, would compel the court to grant

defendant an opportunity to be heard on the question of liability to plaintiff. Plaintiff's denial of the facts stated in defendant's motion presented a question of fact to be decided by the court. *Menzel v. Menzel,* 250 N.C. 649, 110 S.E. 2d 333; *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239; *Banks v. Lane,* 171 N.C. 505, 88 S.E. 754; *Simmons v. Box Co.,* 148 N.C. 344, 62 S.E. 435.

Both the judge presiding over the Municipal-County Court and the judge presiding over the Superior Court made factual conclusions; neither made evidentiary findings to support their conclusions. Defendant assigns as error the failure of the Superior Court to make specific findings of fact. This assignment of error is not supported by an exception. An assignment of error not supported by an exception will not be considered on appeal. *Wilson v. Wilson,* 263 N.C. 88, 138 S.E. 2d 827; *Rice v. Rice,* 259 N.C. 171, 130 S.E. 2d 41; *Cratch v. Taylor,* 256 N.C. 462, 124 S.E. 2d 124; *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118.

Unless requested to do so, a court called upon to decide a controversy is not required to make specific findings of fact. If the parties desire specific factual findings to support factual conclusions, they should make the request and except to the failure to find facts. *Logan v. Sprinkle,* 256 N.C. 41, 123 S.E. 2d 209; *St. George v. Hanson,* 239 N.C. 259, 78 S.E. 2d 885; *Stone v. Comrs. of Stoneville,* 210 N.C. 226, 186 S.E. 342.

In the absence of specific findings, it will be presumed that the court found facts supporting its factual conclusions. *Heating Co. v. Realty Co.,* 263 N.C. 641, 140 S.E. 2d 330.

The general manager of a corporation is within the class named in G.S. 1-97(1). Service of process on a named corporation by delivering a copy of the summons to its managing officer is valid service. Proof of service of process may be established by the return of the sheriff or other proper officer. G.S. 1-102. "[H]is return thereon that the same has been executed is sufficient evidence of its service." G.S. 1-592.

The return on the summons and the recitals in the judgment that process had been served on defendant by delivering a copy to L. W. Powell, its general manager, sufficed *prima facie* to show valid service. *Lumber Co. v. Sewing Machine Corp.,* 233 N.C. 407, 64 S.E. 2d 415; *Sandoval Zink Co. v. Hale,* 133 Ill. App. 196. Defendant had the burden of repelling the *prima facie* case made by the sheriff's return. *Harrington v. Rice, supra; Dunn v. Wilson,* 210 N.C. 493, 187 S.E. 802.

In addition to the statutory presumptions supporting the validity of service, plaintiff's evidence tended to show that defendant owned and listed property for taxation in Greensboro in the spring of 1964, that

this property was seized by the sheriff in the summer of 1964 under an execution issued in this cause. These facts tend to contradict defendant's assertion that it had ceased to do business and had no property in Guilford County subsequent to January 1964. Additionally, there was a sworn statement by plaintiff that it did business with the named defendant, and not with Mobile Homes of Greensboro, Inc., as defendant contends; that it communicated with defendant at the address shown in the telephone directory, and by mail addressed to it at 3005 High Point Road, Greensboro.

The judgment of the Superior Court denying defendant's motion to vacate the judgment rendered by the Municipal-County Court is

Affirmed.