JUDY STEPHENSON WILLIAMS v. MICHAEL JOHN WILLIAMS

No. 7920DC983

(Filed 20 May 1980)

**Appearance § 1.1; Divorce and Alimony § 23.4— attorney's participation in conference with court and opposing party—general appearance**

Defendant made a general appearance in a child custody action when his counsel participated in a conference with the plaintiff and the district court judge pertaining to an order enjoining defendant from taking the child out of the jurisdiction of the court, and the court had jurisdiction over defendant's person even though no service of process was made upon either defendant or his counsel.

APPEAL by defendant through Special Appearance of Counsel from *Burris, Judge*. Judgment entered 27 June 1979 in District Court, MOORE County. Heard in the Court of Appeals 7 March 1980.

This action by the mother of minor child for custody of the child was filed on 23 February 1979. On that date the Honorable Donald R. Huffman, Chief District Judge, in conference with the plaintiff and defendant's attorney, entered an order restraining defendant from removing the minor child from the jurisdiction of the court until a hearing was held on 5 March 1979.

After the conference and prior to the order being physically served on the defendant, the defendant removed himself and the minor child from the jurisdiction of the court. Thereafter the Moore County Sheriff's Department made numerous attempts to serve the defendant at his residence. Defendant and his wife had lived in a mobile home directly behind his parents' house (approximately 50 feet away) on his parents' property. Defendant shared the mailbox and the same postal address of his parents and they used the same telephone. On 17 March 1979 service of process was made upon the defendant by leaving a copy with his mother at the above-described residence at Route 2, Box 370, Sunset Drive, Robbins, North Carolina. Defendant's mother was found by the Court to be of suitable age and discretion to receive service of process.

On 5 March 1979 the court ordered that the defendant deliver custody of the child to the plaintiff pending a hearing on the matter.

On 5 March 1979 the defendant met with his father to exchange title and arrange for the sale of the mobile home. In the last week of April 1979, the defendant's mother saw the defendant in a mobile home park in Clarksville, Tennessee. Defendant's mother pleaded with the defendant to return to the State to defend this action but he failed to do so.

On 17 April a hearing was held. The defendant was neither present nor represented by counsel. On 1 May 1979 the court entered an order, filed 4 May 1979, which, *inter alia*, placed custody of the child with the plaintiff and directed that defendant pay plaintiff $75 per week for support of the child.

On 4 June 1979 the court entered an order requiring the defendant to appear before the court on 12 June 1979 to show cause why he should not be held in contempt of the court. On 12 June 1979 the defendant's counsel moved to dismiss the action for lack of personal jurisdiction over the defendant because he had not been served with process. On 20 June 1979 the court entered an order, filed 27 June 1979, which denied the motion to dismiss. On the same date the court entered a judgment holding the defendant in contempt of court and directing the Sheriff to place defendant into custody for 180 days.

*Seawell, Robbins, May & Webb by P. Wayne Robbins for plaintiff appellee.*

*Thigpen and Evans by Frank C. Thigpen for defendant appellant.*

CLARK, Judge.

Defendant challenges the jurisdiction of the trial court because he was not served with process. We see no merit in this argument.

The death blow to defendant's argument lies in the fact that defendant's counsel participated in a conference on 23 February 1979 in Judge Huffman's office, pertaining to the custody of defendant's minor child, and did not at this time make any objection as to the lack of jurisdiction over the defendant. This activity constitutes a general appearance and confers jurisdiction over defendant's person even though no service was made upon either the defendant or his counsel of record. G.S. 1-75.7 (1979 Cum. Supp.); *Swensen v. Thibaut,* 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *appeal dismissed,* 296 N.C. 740, 254 S.E. 2d 181 (1979);

*Alexiou v. O.R.I.P. Ltd.*, 36 N.C. App. 246, 243 S.E. 2d 412, *cert. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978).

An excellent statement of the rule to be applied is found in an old opinion by the Supreme Court of West Virginia:

> " 'By appearance to the action in any case, for any other purpose than to take advantage of the defective execution, of process, a defendant places himself precisely in the situation in which he would be if process were executed upon him, and he thereby waives all objection to the defective execution or nonexecution of process upon him.' (Citations omitted.) This is a declaration for a general principle, to be read in light of the facts and circumstances under which it is applied, in seeking its true meaning. Some attention must also be paid to its terms. It must be an appearance *for a purpose in the cause*, not one merely collateral to it . . . . No instance can be found in which a party has been held to have impliedly bound himself to submission, without having asked or received some relief in the cause or *participated in some step taken therein*. Mere presence in the courtroom when the case is called, or examination of the papers in it filed in the clerk's office, is not enough. Nor could a conversation with plaintiff's counsel or the judge of the court, about the case, be regarded as an appearance . . . . The test is whether the defendant became an *actor in the cause*. . . ." (Emphasis supplied.)

*Fulton v. Ramsey*, 67 W. Va. 321, 68 S.E. 381 (1910). This statement is consistent with North Carolina case law on the subject of appearances. We note that it has long been the rule in this jurisdiction that a general appearance by a party's attorney will dispense with process and service. *See, e.g., Etheridge v. Woodley*, 83 N.C. 11 (1880).

Admittedly, the act of participation in a conference with the judge and opposing party presents a close case for invoking personal jurisdiction. Nonetheless, the "participation in some step taken"—in this case the action of the court to preserve jurisdiction over the subject matter of the litigation—is sufficiently directed toward "a purpose in the cause" to confer personal jurisdiction over the defendant.

Having found that defendant has made a general appearance through his attorney, we note that, "after a defendant has submit-

ted himself to the jurisdiction of the court by conduct constituting a general appearance, he may not assert the defense that the court has no jurisdiction over his person either by motion or answer under Rule 12(b)." *Simms v. Mason Stores, Inc.*, 285 N.C. 145, 157, 203 S.E. 2d 769, 777 (1974). It is significant that in *Simms, supra,* the court cited with approval the case of *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F. 2d 543 (3d Cir. 1967) in which the federal court held that participation by the defendant in a hearing on a preliminary injunction was sufficient for the defendant to waive his defense of lack of personal jurisdiction. We can see little difference between *Wyrough* and the instant case, particularly since the preliminary matter before the court below pertained to an order enjoining defendant from taking the minor child out of the jurisdiction. In both cases the court obtained jurisdiction by virtue of defendant's participation in a vital proceeding.

We do note, however, that the participation by defendant's counsel in the contempt hearing would not invoke personal jurisdiction over the defendant since a contempt proceeding is a collateral matter that does not directly bear upon the subject matter of the controversy.

Since the court had jurisdiction over the defendant, he must comply with the order preventing him from removing the child from the jurisdiction of the court. It only follows that the defendant may not now assert that the court has no jurisdiction over the subject matter when the defendant has removed the subject matter from the jurisdiction in violation of a court order.

Affirmed.

Judges MARTIN (Robert M.) and ERWIN concur.