GREG OLSCHESKY v. CLARENCE W. HOUSTON, JR.

DEAN H. MORTON, JR. v. CLARENCE W. HOUSTON, JR.

No. 865SC561

(Filed 17 February 1987)

**Rules of Civil Procedure § 4— service of process—leaving summons and complaint with responsible person at residence—proper name in complaint**

    A deputy's testimony and two returns of service were competent evidence which would support the trial court's finding that defendant resided at a given address with his brother on the dates that summons and complaints were left there and that the brother was a person of suitable age and discretion to accept service; furthermore, omission of the "Jr." in defendant's name in the titles of the complaints would not deprive the court of jurisdiction, and such error could properly be corrected by later amendments of the complaints. N.C.G.S. 1A-1, Rule 4(j)(1)a.

APPEAL by defendant from *Allsbrook, Judge*. Judgments entered 29 August 1985 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 11 November 1986.

*Scott, Payne, Boyle & Swart, by John P. Swart, attorney for plaintiff appellee, Greg Olschesky.*

*Prickett & Corpening, by J. H. Corpening, II, attorney for plaintiff appellee, Dean H. Morton, Jr.*

*Goldberg & Anderson, by Frederick D. Anderson, attorney for defendant appellant.*

ORR, Judge.

This appeal is from two orders denying defendant's motions to dimiss for insufficient service of process. We affirm the trial court's dismissal.

On 3 July 1981, plaintiffs Olschesky and Morton filed separate complaints against defendant Clarence W. Houston. Each individually alleged that defendant had committed assault and battery.

A summons was issued with each complaint addressed to defendant "Clarence W. Houston, 5409 Ridgewood Heights Drive, Wilmington, N.C." Deputy J. W. Greer served the Olschesky com-

plaint and summons on 14 July 1981 by leaving the documents with Robert Houston, defendant's brother, at 310 Pine Hills Drive, the alleged dwelling house or usual place of abode of defendant and Robert Houston.

On 20 July 1981, Deputy Greer served the Morton complaint and summons by leaving the documents with Robert Houston at 310 Pine Hills Drive.

Defendant filed motions to dismiss the complaints, alleging failure by plaintiffs to state a claim for relief, failure to obtain personal jurisdiction over defendant, and failure to institute proper service of process on defendant.

Plaintiffs responded by issuing in each case an alias and pluries summons against defendant, who was identified as "Mr. Clarence W. Houston, a/k/a Clarence W. Houston, Jr., at 5409 Ridgewood Heights Drive, Wilmington, N.C. 28403."

On 11 October 1981, Deputy Greer personally served the Olschesky complaint and alias and pluries summons on "Clarence W. Houston, a/k/a Clarence W. Houston, Jr. at 5901 Wrightsville Ave."

Morton's complaint and alias and pluries summons addressed to "Clarence W. Houston, Jr., 310 Pine Hills Drive, Wilmington, NC" were personally served on "Clarence W. Houston, Jr." on 2 October 1981.

On 6 October 1981, defendant renewed his motions to dismiss.

Plaintiffs amended their complaints on 24 November 1981 and 21 December 1981, changing the party defendant's name from Clarence W. Houston to Clarence W. Houston, Jr. and subsequently causing both amended complaints to be personally served on defendant Clarence W. Houston, Jr. Defendant, on 26 January 1982, once again renewed his motions to dismiss. The motions were heard and denied by District Court Judge Jacqueline Morris-Goodson. Defendant obtained a transfer of the cause to Superior Court where Judge Charles Winberry also heard and denied defendant's motions. The two actions were consolidated and tried by a jury, which awarded plaintiffs $77,500.00 in actual and punitive damages.

Defendant appealed.

Defendant contends that the trial court improperly denied his motions to dismiss plaintiffs' complaints because the evidence in the record did not support the finding that each complaint and summons had been properly served on defendant before the running of the statute of limitations on plaintiffs' causes of action. There is a one year statute of limitations for assault and battery under N.C.G.S. § 1-54.

The trial court is not required to make findings of fact and conclusions of law when deciding on a motion to dismiss unless such facts and conclusions are specifically requested by a party or required by N.C.G.S. § 1A-1, Rule 41(b), which is not applicable in the instant case. N.C.G.S. § 1A-1, Rule 52(a)(2) (1983). If neither party makes such a request, the appellate court on review will presume that the trial court on proper evidence found facts to support its judgment. *Estrada v. Burnham*, 316 N.C. 318, 341 S.E. 2d 538 (1986).

In the present case defendant did not request that the trial court make findings of fact and conclusions of law to explain its decision to deny defendant's motions to dismiss. Therefore, we presume such facts were properly found, and focus instead on the sufficiency of the evidence. If the presumed findings of fact are supported by competent evidence, they are conclusive on appeal despite evidence to the contrary. *J. M. Thompson Co. v. Doral Manufacturing Co.*, 72 N.C. App. 419, 324 S.E. 2d 909, *disc. rev. denied*, 313 N.C. 602, 330 S.E. 2d 611 (1985).

The evaluation of the weight, sufficiency, and credibility of contradictory evidence is the duty of the trial court and not the duty of the appellate court. *Fungaroli v. Fungaroli*, 51 N.C. App. 363, 276 S.E. 2d 521, *disc. rev. denied*, 303 N.C. 314, 281 S.E. 2d 651 (1981).

The single issue before this Court is whether competent evidence was presented as a matter of law to support the trial court's presumed finding that proper service was had on defendant.

Defendant argues that service was improper for two reasons. First, defendant contends service was improper because each original summons and complaint named Clarence W. Houston as

defendant and indicated on each summons that his address was "5409 Ridgewood Heights Drive." Defendant argues that the complaints brought suit against his father, Clarence W. Houston, Sr., and were inadequate to bring any action against him, Clarence W. Houston, Jr. Furthermore, defendant contends, by the time plaintiffs amended the complaints to substitute "Clarence W. Houston, Jr." for "Clarence W. Houston" as a party to the action, the statute of limitations had run, prohibiting any actions against defendant based on the 6 July 1980 batteries. We disagree.

"Although service of process should correctly state the name of the parties, a mistake in the names is not always a fatal error, and as a general rule a mistake in the given name of a party who is served will not deprive the court of jurisdiction." *Jones v. Whitaker*, 59 N.C. App. 223, 225, 296 S.E. 2d 27, 29 (1982). "Names are to designate persons, and where the identity is certain a variance in the name is immaterial." *Id.* at 225, 296 S.E. 2d at 29 (quoting *Patterson v. Walton*, 119 N.C. 500, 26 S.E. 43 (1896)). Where service of process is made on the party intended to be sued, a misnomer which does not leave the name of the party to be sued in doubt, may be corrected by amendment at any stage of the suit. *Harris v. Maready*, 311 N.C. 536, 319 S.E. 2d 912 (1984).

The misnomer upon which defendant bases his argument is minor, consisting only of the omission of "Jr." from the title; the remaining portion of the name is correct. Furthermore, plaintiffs' evidence showed that defendant did not always use the "Jr." in his name, noting specifically that when called as a witness for the State in the criminal case arising out of the 6 July 1980 batteries, defendant was identified as Clarence W. Houston. If defendant was properly served, this misnomer would not deprive the trial court of jurisdiction, and would in fact have been corrected by the later amendments of the complaints to change the name to "Clarence W. Houston, Jr."

Defendant's final assignment of error is therefore the crucial question in this decision. In it, defendant contends that Deputy Greer did not properly serve each summons and complaint on defendant by leaving them with Robert Houston at 310 Pine Hills Drive. Defendant's contention is that he was not living at the 310 Pine Hills Drive address at the time of service on 14 and 20 July 1981.

Deputy Greer submitted a service return of the summons and complaint in each case. This was accomplished by leaving the documents at 310 Pine Hills Drive, with Robert Houston, "a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

When a defendant appears in an action and challenges a service of summons by the sheriff of the county where the defendant was found, N.C.G.S. § 1-75.10(1)a states that proof of the service shall be "by the officer's certificate thereof, showing place, time and manner of service." "When the return upon its face shows legal service by an authorized officer, that return is sufficient, at least *prima facie*, to show service in fact." *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 462, 265 S.E. 2d 633, 635 (1980). A deputy's return or judgment based thereon cannot be set aside unless the evidence is clear and unequivocal. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977).

Plaintiffs presented the testimony of Deputy Greer to establish the sufficiency of the services of process. Deputy Greer testified that on 14 July 1981 he attempted to serve the Olschesky complaint and summons on defendant at 5409 Ridgewood Heights Drive. At this address Deputy Greer said he spoke with defendant's stepmother, Mary Love Houston, who indicated that there were two Clarence W. Houstons, a junior and a senior. Having told her that the matter involved an "assault case at Wrightsville Beach," Mrs. Houston told Deputy Greer that the person he was looking for did not live there. She then told him where she thought the person he was looking for was staying. Deputy Greer proceeded as directed by Mrs. Houston to 310 Pine Hills Drive and spoke to Robert Houston, who confirmed that defendant "stayed" there. Greer then left a copy of the summons and complaint with Robert Houston.

On 20 July 1981 Deputy Greer also served the Morton complaint against Clarence Houston by leaving it with Robert Houston at 310 Pine Hills Drive. For each complaint and summons, Deputy Greer submitted a properly prepared return verifying a legal service of process by leaving copies at defendant's dwelling house with a "person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode."

Defendant presented three witnesses to challenge the sufficiency of plaintiffs' returns of service.

Defendant testified, on his own behalf, that 310 Pine Hills Drive was not his dwelling house or usual place of abode on the 14th and 20th of July 1981.

Mary Houston testified that she could not recall speaking with Deputy Greer or anyone else regarding a complaint and summons in 1981. Furthermore, she did not know if defendant was residing with Robert Houston at 310 Pine Hills Drive during July of 1981. She did remember, however, that Robert Houston and defendant moved into the house at 310 Pine Hills Drive at the same time and that defendant had lived there off and on with Robert Houston until Robert Houston married.

Robert Houston acknowledged that he did not marry until after July 1981. He then testified that when Deputy Greer attempted to serve the complaints and summons on defendant at 310 Pine Hills Drive, he told Deputy Greer that defendant did not live at that address and he refused to accept any documents on defendant's behalf.

As discussed above, it is the trial court who must determine the weight, sufficiency, and credibility of the conflicting evidence. In this case defendant bears the burden of proving by clear and unequivocal evidence that he was not properly served. In addition he must also overcome the presumption of proper service of process created by the return of service.

Therefore, after reviewing the record, this Court concludes that Deputy Greer's testimony and the two returns of service are competent evidence which would support the trial court's finding that defendant resided at 310 Pine Hills Drive, with his brother Robert Houston, on 14 and 20 July 1981, and that Robert Houston was a person of suitable age and discretion to accept service. Such a finding would support the conclusion that proper service on defendant had been accomplished pursuant to the requirements of N.C.G.S. § 1A-1, Rule 4(j)(1)a. The trial court did not err in denying defendant's motions to dismiss for insufficient service of process.

Affirmed.

Judges WELLS and BECTON concur.