SUN BANK/SOUTH FLORIDA, PLAINTIFF v. JOHN F. TRACY, DEFENDANT

No. 9130SC69

(Filed 3 December 1991)

**Judgments § 51.1 (NCI3d)— foreign judgment — notice of filing — sufficiency of service**

The trial court did not err in finding that defendant was properly served with notice of filing of a foreign judgment on the basis of a return of service affidavit filed by a deputy sheriff because the presumption of service accorded by the officer's return was not rebutted by defendant's single affidavit where defendant alleged that his only contact with North Carolina was as a vacationer but he failed to allege facts as to his true domicile, that he was not in North Carolina on the date of service, or that he was not personally served, and defendant's allegation that the affidavit of the judgment creditor lacked the statement that the judgment is "final" and "unsatisfied" was contradicted by the record.

Am Jur 2d, Judgments §§ 621 et seq., 658, 659, 757, 1214 et seq.; Process §§ 330 et seq.

Failure to make return as affecting validity of service or court's jurisdiction. 82 ALR2d 668.

APPEAL by defendant from order entered 23 October 1990 by *Judge J. Marlene Hyatt* in JACKSON County Superior Court. Heard in the Court of Appeals 5 November 1991.

*Peter A. Paul for plaintiff-appellee.*

*Coward, Hicks & Harper, P.A., by William H. Coward, for defendant-appellant.*

JOHNSON, Judge.

This case concerns an attempt by plaintiff, a foreign judgment creditor, to enforce its judgment in North Carolina pursuant to the Uniform Enforcement of Foreign Judgments Act, G.S. § 1C-1701 *et seq.* (1990 Cum. Supp.). Defendant alleges that he was never properly served and that the court therefore has no personal jurisdiction over him.

SUN BANK/SOUTH FLORIDA v. TRACY

[104 N.C. App. 608 (1991)]

Plaintiff is a Florida bank. Plaintiff obtained a judgment against defendant in Florida. On 23 March 1990, pursuant to the statute, plaintiff filed the Florida judgment and an affidavit with the Clerk of Superior Court in Jackson County, North Carolina. On 2 April 1990, plaintiff filed a notice of filing with the clerk. Plaintiff attempted twice by certified mail to serve defendant. On 13 July 1990, plaintiff's attorney attempted personal service on defendant in the attorney's office by handing defendant a copy of the notice of filing, the judgment and the creditor affidavit. However, defendant left the office without signing an acceptance of service form.

Believing that its attempts at service up to that point had been unsuccessful, plaintiff requested that the sheriff of Jackson County serve defendant. In his "Affidavit of Service," Deputy Sheriff Mathis states in pertinent part:

1. That he is Deputy Sheriff.

2. That pursuant to N.C.G.S. Article 17 § 1C-1704(a) he . . . delivered a copy of the Renotice of Filing . . . to [defendant] by leaving copies thereof at [defendant's] dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

3. That said Renotice . . . was served to [defendant] on the 18 day of July 1990.

The Affidavit of Service includes neither the address at which the documents were left nor the name of the person with whom the documents were left.

On 15 August 1990, defendant filed a Motion for Relief and Notice of Defense and moved the court to quash service on him based on a lack of personal jurisdiction, insufficient process and insufficient service of process. Prior to the hearing on his motion, defendant submitted a sworn affidavit in support of his motion in which he states that he does not reside in North Carolina nor own any property here and that his only contacts with the state "have been to take limited vacations" here. He alleges insufficiencies with regard to the service on 13 July 1990. Nowhere in this affidavit nor in any other document of record does defendant allege any other facts which might relate to the service or return of service by Deputy Mathis except perhaps in paragraph 5 of his affidavit where he states:

No notice of filing of Foreign Judgment has ever been served on me where said Notice was in proper form or had proper documentation attached to it. Specifically, the Affidavit that has been served upon me does not state that the Foreign Judgment is "final and that it is unsatisfied" as required by N.S. [sic] G.S. 1C-1703(a).

Following a hearing on 16 October 1990 at which the court heard arguments of counsel, Judge Hyatt issued an order in which she found that defendant had been properly served as a matter of law and ordered that he respond to the judgment, pursuant to G.S. § 1C-1704(b), within thirty days. Judge Hyatt's order contains no findings of fact to support the conclusion of law. In the record on appeal, the parties stipulate that no oral testimony was taken at the hearing and only the documents in the court file were presented for the court's consideration.

Defendant contends that the trial court erred in denying his motion for relief in that the plaintiff's method of service was incorrect. We affirm the denial of defendant's motion because we find that defendant has utterly failed to rebut the presumption of proper service.

We note that there is no requirement that a trial court make findings of fact although defendant could have requested that the trial judge make written findings and include them in the order. *Williams v. Bray*, 273 N.C. 198, 159 S.E.2d 556 (1968). Under the facts of this case, findings, if included in an order, would have given this Court an indication as to the basis for the lower court's decision. Since there are no findings of fact, it is unclear upon what basis the trial judge found that the plaintiff had been properly served. Defendant-appellant argues on appeal that neither the personal service which occurred in plaintiff's attorney's office on 13 July 1990 nor the service by Deputy Mathis on 18 July 1990 was legally sufficient. Plaintiff-appellee, in its brief, concludes that the 13 July service was insufficient for lack of an acceptance of service signed by defendant and makes no argument as to that.

Under the Uniform Enforcement of Foreign Judgments Act, a foreign judgment filed in this state pursuant to the statute will be enforced the same as any in-state judgment. G.S. § 1C-1703(b),(c). The statute specifically sets out how and where the judgment must be filed, G.S. § 1C-1703, and the specific documents which must be served on the defendant, G.S. § 1C-1704(a). "Service and proof

of service of the notice may be made in any manner provided for in Rule 4(j) of the Rules of Civil Procedure." G.S. § 1C-1704(a). Under G.S. § 1-75.4, our "long arm" statute, a court of this state having jurisdiction over the subject matter acquires personal jurisdiction over a defendant when the defendant is served pursuant to Rule 4(j) when he is present in the state, G.S. § 1-75.4(1)a, or is domiciled within the state, G.S. § 1-75.4(1)b. Service of process may be accomplished upon a natural person by delivering a copy of the papers to him or by leaving copies at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. G.S. § 1A-1, Rule 4(j)(1)a. When a defendant appears in the action and challenges the sufficiency of service upon him, proof of the service of process shall be by the sheriff's certificate showing place, time and manner of service. G.S. § 1-75.10(1)a.

When process is served by an officer authorized by statute to serve process and is proved by return of service, there is a presumption that the service is proper. In *Harrington v. Rice*, 245 N.C. 640, 97 S.E.2d 239 (1957), the Court stated the rule as follows:

> When the return shows legal service by an authorized officer, nothing else appearing, the law presumes service. The service is deemed established unless, upon motion in the cause, the legal presumption is rebutted by evidence upon which a finding of nonservice is properly based. Upon hearing such motion, the burden of proof is upon the party who seeks to set aside the officer's return or the judgment based thereon to establish nonservice as a fact; and, notwithstanding positive evidence of nonservice, the *officer's return* is evidence upon which the court *may* base a finding that service was made as shown by the return.

> Service of process, and the return thereof, are serious matters; and the return of a sworn authorized officer should not 'be lightly set aside.'

> Therefore, this Court has consistently held that an officer's return or a judgment based thereon may not be set aside unless the evidence consists of more than a single contradictory affidavit (the contradictory testimony of one witness) *and* is clear and unequivocal. (Original emphasis.) (Citations omitted.)

*Id.* at 642, 97 S.E.2d at 241. In *Harrington*, the defendant contesting the sufficiency of the service specifically stated that she was not personally served on the date at issue or at any other time and that she was not at the place of service at the time service was attempted but was at a named different place. Further, her co-defendant-husband specifically stated that the sheriff served him and left a copy for his wife but that he never gave the copy to her nor did he inform her of the service. The *Harrington* Court held that where the defendant presented clear and unequivocal evidence that she had not been served and this evidence included supporting testimony from others to that effect, she had rebutted the presumption of service in the officer's return. The Court, however, noted that the presumption of service cannot be rebutted by the contradictory affidavit or contradictory testimony of a single witness. *Id. See also Guthrie v. Ray*, 293 N.C. 67, 235 S.E.2d 146 (1977); *Tyndall v. Homes*, 264 N.C. 467, 142 S.E.2d 21 (1965).

We find that on the record before us, defendant has utterly failed to rebut the presumption of proper service which accompanies the return of service affidavit filed by Deputy Mathis. The only evidence in support of defendant's position is his single affidavit. This affidavit contains several allegations with regard to the attempted service on 13 July at the attorney's office and two allegations which might be read to support his contention that the 18 July service is insufficient.

First, he alleges that his only contact with North Carolina is as a vacationer. However, he alleges no specific facts as to his true domicile or to the lengths and frequencies of his stays in North Carolina. He does not allege that he was not in North Carolina on 18 July or that he was not personally served. He provides no supporting affidavits as to his domicile or his location on 18 July 1990. Secondly, in paragraph 5 of his affidavit, defendant alleges that no notice of filing has ever been served on him when such notice was in proper form. He specifically alleges that the affidavit lacks the statement that the judgment is "final and that it is unsatisfied" as required by G.S. § 1C-1703(a). This allegation is no support at all, however, because contrary to defendant's assertion, the affidavit of the judgment creditor which is in the record clearly states that the "foreign final judgment" is "still unsatisfied." In other words, defendant's evidence is limited to a single affidavit which does not clearly contradict the evidence of service in Deputy Mathis' return of service.

JONES v. PITT COUNTY MEM. HOSPITAL

[104 N.C. App. 613 (1991)]

We conclude that Deputy Mathis' return of service is uncontradicted by defendant. In the absence of clear and unequivocal contradictory evidence the trial court may find that service was made upon defendant and that conclusion will stand on appeal. *Harrington*, 245 N.C. 640, 97 S.E.2d 239. Defendant has not met his burden to show insufficiency of service and the trial court's conclusion that he was properly served is affirmed.

Affirmed.

Judges EAGLES and ORR concur.