MARLENE R. GRIMSLEY AND DENNY A. GRIMSLEY, PLAINTIFFS v. LEROY JEROME NELSON, DEFENDANT

No. 943SC145

(Filed 20 December 1994)

1. **Appearance § 10 (NCI4th)— answer filed by UM carrier— no general appearance by defendant**

An answer filed by an attorney for plaintiffs' UM carrier did not constitute a general appearance by defendant, and defendant was not precluded from later raising the defense of lack of personal jurisdiction, since the answer revealed that it was filed by an attorney known by plaintiffs to be representing their UM carrier, and the answer was filed "in the name of the defendant," the language permitted by N.C.G.S. § 20-279.21(b)(3)(a), thus raising no presumption that the lawyer represented defendant.

GRIMSLEY v. NELSON

[117 N.C. App. 329 (1994)]

Am Jur 2d, Appearance § 10.

**2. Insurance § 512 (NCI4th); Pleadings § 145 (NCI4th)— lack of personal jurisdiction over defendant—failure of UM carrier to raise defense**

Although plaintiffs could not obtain a judgment against defendant because he properly asserted the defense of lack of personal jurisdiction, this action could proceed against plaintiffs' UM carrier to determine whether plaintiffs were entitled to UM coverage; furthermore, the UM carrier, by failing to properly assert the defense of lack of personal jurisdiction in its answer, could not rely on the defense that plaintiffs could not reduce their right to judgment against defendant because of lack of personal jurisdiction in determining whether plaintiffs were legally entitled to recover damages from defendant.

**Am Jur 2d, Automobile Insurance §§ 297, 332, 333; Pleading §§ 226 et seq.**

Judge WYNN dissenting.

Appeal by plaintiffs from orders entered 5 April 1993, 21 September 1993, and 1 November 1993 in Craven County Superior Court by Judge Herbert O. Phillips, III. Heard in the Court of Appeals 4 October 1994.

*Bailey & Dixon, by Gary S. Parsons and Kenyann G. Brown, and Anderson & Anderson, by Michael J. Anderson and Albeon G. Anderson, for plaintiff-appellants.*

*Dunn, Dunn & Stoller, by David A. Stoller and Andrew D. Jones, for defendant-appellee.*

*Johnson & Lambeth, by Beth M. Bryant, for appellee Travelers Indemnity Company, an unnamed party.*

GREENE, Judge.

Marlene R. Grimsley and Denny A. Grimsley (plaintiffs) appeal from orders entered 5 April 1993, 21 September 1993, and 1 November 1993 in Craven County Superior Court, granting Leroy Jerome Nelson's (defendant) motion to dismiss for lack of personal jurisdiction, denying plaintiffs' written motion to enlarge and oral motion for extension of time to serve the original summons, and granting

GRIMSLEY v. NELSON

[117 N.C. App. 329 (1994)]

Travelers Indemnity Company's (Travelers) motion for judgment on the pleadings.

On 18 May 1992, plaintiffs filed a complaint against defendant for personal injuries and loss of consortium arising out of an automobile accident on 4 June 1989 allegedly caused by defendant's negligence. At the time of the accident, Travelers provided uninsured motorist (UM) coverage for plaintiffs. On 21 May 1992, plaintiffs, pursuant to N.C. Gen. Stat. § 20-279.21(b)(3)(a), served Travelers a copy of the summons and complaint. On 22 May 1992, Deputy Sheriff Paul Mathes allegedly personally served a summons on defendant at 2005 New Bern Avenue, New Bern, North Carolina. Travelers retained the law firm of Johnson & Lambeth to represent it.

By letter dated 11 June 1992, Robert White Johnson of Johnson & Lambeth wrote Mr. Albeon G. Anderson (Mr. Anderson), counsel for plaintiffs, confirming their telephone conversation in which Mr. Johnson advised Mr. Anderson "that Travelers had retained me to represent its interest as uninsured motors carrier . . . . If at some time it appears that you are unable to settle the case I will be notified and will file a response of pleadings and will undertake to get the discovery answered." By letter dated 13 July 1992, Ms. Beth M. Bryant (Ms. Bryant) of Johnson & Lambeth wrote Mr. Anderson acknowledging "the extension of time within which to file defensive pleadings which you granted Bob Johnson in the referenced case." On 12 October 1992, Ms. Bryant filed an answer which stated "[t]he undersigned Counsel, appearing in the name of the Defendant, answers the Complaint of the Plaintiff as follows." She signed the answer "Beth M. Bryant Appearing in the name of the Defendant." This answer denied the allegations set forth in plaintiffs' complaint and further alleged that Marlene R. Grimsley (Mrs. Grimsley) was contributorily negligent. On 22 October 1992, plaintiffs filed a reply, denying that Mrs. Grimsley was contributorily negligent and further alleging that defendant had the last clear chance to avoid the accident.

On 9 November 1992, Ms. Bryant filed an amended answer which provided:

> NOW COMES THE TRAVELERS INDEMNITY CO., WITHIN 30 DAYS OF FILING OF ITS ORIGINAL ANSWER . . . AND AMENDS ITS ANSWER IN THIS PROCEEDING . . . BY DELETING SAID ANSWER IN ITS ENTIRETY AND SUBSTITUTING THE FOLLOWING:

> The Travelers Indemnity Co., appearing in the name of Defendant Leroy Jerome Nelson pursuant to N.C. Gen. Stat. 20-279.21(b), answers the Complaint of the Plaintiff as follows.

GRIMSLEY v. NELSON

[117 N.C. App. 329 (1994)]

In its amended answer, Travelers moved to dismiss plaintiffs' action under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim against defendant upon which relief can be granted and moved to dismiss under Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the North Carolina Rules of Civil Procedure for lack of personal jurisdiction over defendant, insufficiency of process, and insufficiency of service of process. Travelers also denied the allegations contained in plaintiffs' complaint and alleged Mrs. Grimsley was contributorily negligent. Ms. Bryant signed the amended answer "Beth M. Bryant . . . Attorney for The Travelers Indemnity Co., Appearing in the name of the Defendant."

On 24 November 1992, plaintiffs made a motion pursuant to Rule 12(f) of the North Carolina Rules of Civil Procedure to strike Traveler's amended answer filed 6 November 1992 because "plaintiffs did not consent to the amended answer and leave of court has not been given." Also on 24 November 1992, plaintiffs moved for "an order for an enlargement of time within which to file an alias & pluries summons . . . on the ground that the failure to act within the time prescribed was due to excusable neglect" because Ms. Bryant and plaintiffs did not discover until later that the summons had been delivered to Leroy Jerome Nelson, Jr. instead of defendant. Plaintiffs also made an oral motion to extend time in which to serve the original summons. On 1 December 1992, Ms. Bryant filed a motion to amend answer which provided "Now Comes Travelers Indemnity Co., through Counsel, and moves the Court for leave to amend its original Answer in this cause and file an Amended Answer" "because subsequent to receipt of Plaintiff's Reply, Counsel for the Movant learned that the named Defendant herein, Leroy Jerome Nelson, was never served with Complaint and Summons, notwithstanding purported service by the Sheriff reflected in the Court file." By order entered 5 April 1993, the trial court denied plaintiff's motions to enlarge and extend the time in which to serve the original summons, denied Traveler's motion to amend its answer, and allowed plaintiffs' motion to strike.

On 24 May 1993, David A. Stoller (Mr. Stoller), an attorney for the law firm of Dunn, Dunn & Stoller, filed a motion to dismiss which provided "Comes Now Defendant, Leroy Jerome Nelson, by and through the undersigned counsel and moves the Court to dismiss this action as against Defendant" because "[n]o Summons, Complaint or other process have been served upon this Defendant. The Summons issued with Complaint has expired. Because of an insufficiency of process,

**GRIMSLEY v. NELSON**

[117 N.C. App. 329 (1994)]

an insufficiency of service of process, or both, this Court lacks jurisdiction over the person of Defendant, Leroy Jerome Nelson." Mr. Stoller signed this motion "DUNN DUNN & STOLLER Attorneys for Defendant By: David A. Stoller."

By order dated 21 September 1993, the trial court found it lacked jurisdiction over the person of defendant, granted defendant's motion to dismiss for lack of personal jurisdiction, and dismissed plaintiffs' action against defendant. Travelers then made a motion for judgment on the pleadings on the grounds that the 21 September 1993 order, dismissing the action as to defendant, resolved all issues raised by plaintiffs' complaint. By order entered 1 November 1993, the trial court allowed Travelers' motion and dismissed plaintiffs' action.

---

The issues presented are whether (I) Ms. Bryant was the attorney for defendant so that the answer filed by Ms. Bryant constitutes a general appearance by the defendant thereby waiving his defense of lack of personal jurisdiction; and (II) the UM carrier's motion for judgment on the pleadings should have been granted.

I

[1] It has long been the law in North Carolina that "a general appearance by a party's attorney will dispense with process and service" on the defendant. *Williams v. Williams*, 46 N.C. App. 787, 789, 266 S.E.2d 25, 27 (1980). Thus, the filing of an answer by the defendant's attorney (which constitutes a general appearance) which does not include the defense of lack of personal jurisdiction constitutes a waiver by the defendant of this defense if the defense had not been raised in a prior motion. *Id.* at 790, 266 S.E.2d at 28; N.C.G.S. § 1A-1, Rule 12(h)(1) (1990) (defense must be raised in pre-answer motion or in the answer). In this case, the issue is raised as to whether Ms. Bryant, in filing the 12 October 1992 answer, appeared as the defendant's attorney. If she did not, the answer she filed did not bind the defendant, and the defendant cannot be said to have made a general appearance and therefore waived his defenses to personal jurisdiction. If she did appear on behalf of the defendant, the filing of the answer was a waiver of the defendant's right to raise the defense of lack of personal jurisdiction.

Plaintiffs argue that Ms. Bryant's signing of Travelers' answer "Appearing in the name of the Defendant" raises the presumption that Ms. Bryant had "authority to act for the client he or she professes to

represent." *J.I.C. Elec., Inc. v. Murphy*, 81 N.C. App. 658, 660, 344 S.E.2d 835, 837 (1986). We disagree.

Under N.C. Gen. Stat. § 20-279.21(b)(3)(a), if an insured institutes suit against an uninsured motorist, the insurer is bound by a final judgment against the uninsured motorist "if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist." N.C.G.S. § 20-279.21(b)(3)(a) (1993). Once an insurer is served with a copy of the summons, complaint or other process in a suit brought by an insured against an uninsured motorist, the insurer "shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name." *Id.*; *see also* James E. Snyder, Jr., *North Carolina Automobile Insurance Law* § 36-5 at 289-90 (2d ed. 1988).

Plaintiffs, in serving Travelers a copy of the summons and complaint pursuant to Section 20-279.21(b)(3)(a), were aware that Travelers became an unnamed party to the action, entitled to file responsive pleadings if it so chose. Allowing a UM carrier to be an unnamed party that "may defend the suit in the name of the uninsured motorist" allows a UM carrier to file an answer "in the name of defendant" to protect its interests, not defendant's interests, without the UM carrier identifying itself by name. *See* Paul W. Pretzel, *Uninsured Motorists* §§ 60-61 at 143-46 (1972) (discussing possible conflicts of interest between UM carrier and uninsured motorist when suit is filed by insured against uninsured motorist).

The 12 October 1992 answer, viewed on its face, does not reveal that it was filed on behalf of Travelers. It does, however, reveal that it was filed by Ms. Bryant, an attorney known by the plaintiffs to be representing Travelers, and filed "in the name of the defendant," the very language permitted by Section 20-279.21(b)(3)(a). Thus, because the filing of the 12 October 1992 answer was entirely consistent with Section 20-279.21(b)(3)(a) and because the record reveals that the plaintiffs were fully aware of the fact that Ms. Bryant, the attorney signing the answer, represented Travelers, there arises no presumption that Ms. Bryant represented the defendant. Accordingly, the answer did not constitute a general appearance by the defendant, and the defendant was not precluded from later raising the defense of lack of personal jurisdiction. Because there is no dispute that the defendant was not served with process, the trial court therefore correctly allowed the defendant's motion to dismiss.

GRIMSLEY v. NELSON

[117 N.C. App. 329 (1994)]

II

**[2]** Travelers argues that because "Travelers has no liability to Plaintiffs if Plaintiffs cannot obtain a judgment against Defendant Nelson, all issues raised by the pleadings were resolved by virtue of the dismissal of this action as to Defendant Nelson and judgment on the pleadings was therefore appropriate." We disagree.

Judgment on the pleadings is only proper where the pleadings fail to present any issue of fact for determination by a jury. *Flexolite Elec. v. Gilliam*, 55 N.C. App. 86, 88, 284 S.E.2d 523, 524 (1981). In an uninsured motorist case, a UM carrier's liability depends on whether the plaintiff is "legally entitled to recover damages" from the uninsured motorist, i.e., "can reduce his right to damage to judgment." *Brown v. Casualty Co.*, 285 N.C. 313, 319, 204 S.E.2d 829, 833 (1974); *see* 1 Alan I. Widiss, *Uninsured and Underinsured Motorist Insurance* § 7.2, at 247 (2d ed. 1992) ("term 'legally entitled' means that the injuries must result from the negligent conduct of an uninsured motorist"). Although the action by the insured against an uninsured motorist is one "for the tort allegedly committed by the uninsured motorist" so that "[a]ny defense available to the uninsured tort-feasor should be available to the [UM] insurer," *id.* at 319, 204 S.E.2d at 834, the UM carrier must avail itself of that defense in order to benefit from it.

Section 20-279.21(b)(3)(a) gives Travelers the right to participate in plaintiffs' lawsuit against defendant, but does not require Travelers' participation, does not relieve plaintiffs' duty to serve defendant, and does not deprive defendant of his rights to participate in the lawsuit himself. *See In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (when statute uses word "may," its provisions will ordinarily be construed as permissive and not mandatory). Travelers, who exercised its option to participate in plaintiffs' lawsuit against defendant pursuant to Section 20-279.21(b)(3)(a) after becoming an unnamed party to the action, filed an answer without asserting the defense of lack of personal jurisdiction over defendant. Therefore, although Travelers did have this defense available to it, Travelers waived its ability to avail itself of that defense by filing an answer without asserting the defense. *See Humphrey v. Sinnott*, 84 N.C. App. 263, 265, 352 S.E.2d 443, 445 (1987) (party waives defense of lack of personal jurisdiction by filing motion for discretionary change of venue without first or simultaneously asserting defense). Under these circumstances, although plaintiffs cannot obtain a judgment against defendant because he properly asserted the defense of lack of personal juris-

diction, this action may proceed against Travelers to determine whether plaintiffs are entitled to uninsured motorist coverage. Furthermore, Travelers, by failing to properly assert the defense of lack of personal jurisdiction in its answer, may not rely on the defense that plaintiffs cannot "reduce its right to judgment" against defendant because of lack of personal jurisdiction in determining whether plaintiffs are "legally entitled to recover damages" from defendant. The order of the trial court granting Travelers' motion for judgment on the pleadings is accordingly reversed.

Because plaintiffs presented no argument in their brief supporting their assignments of error to the trial court's denial of plaintiffs' motions for enlargement of time for filing alias and pluries summons and extension of time in which to serve the original summons, we need not address these issues. N.C.R. App. P. 28(b)(5).

Affirmed in part, reversed in part, and remanded.

Judge JOHN concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent because I believe that the uninsured motorist (UM) coverage statute does not permit a direct action by plaintiffs against their UM carrier, the consequence of the majority's holding. I believe the better procedure would be to remand this case to the trial court for a determination of whether plaintiffs should be permitted to serve defendant Leroy Jerome Nelson in accordance with N.C. Gen. Stat. § 1A-1, Rule 6.

The procedural history of this case is rather complex. On 4 June 1989, plaintiff Marlene R. Grimsley was injured in a automobile accident when she was allegedly hit from behind by a vehicle driven by defendant Leroy Jerome Nelson. Plaintiffs filed this action on 18 May 1992 and a summons was issued to defendant and to Travelers Insurance Co. ("Travelers"), plaintiffs' UM carrier, on that same date. On 22 May 1992, Craven County Deputy Sheriff Paul Mathes certified service of the summons and complaint upon defendant and Travelers.

On 9 October 1992, Travelers filed its answer and filed an amended answer on 9 November 1992 asserting the defenses of failure to state a claim, lack of personal jurisdiction, insufficient process, and

**GRIMSLEY v. NELSON**

[117 N.C. App. 329 (1994)]

insufficient service of process. On 24 November 1992, plaintiffs filed a motion to strike Travelers's amended answer and a motion for enlargement of time to file alias and pluries summons. Plaintiffs filed a notice on 9 December 1992 "pursuant to Rule 11 of the North Carolina Rules of Civil Procedure" informing the trial court that this Court's opinion in *Dozier v. Crandall*, 105 N.C. App. 74, 411 S.E.2d 635 (1992) "appears to hold that the trial court does not have the authority to extend the time in which an alias and pluries summons can be issued under the facts of this case." In an order filed on 26 March 1993, the trial court granted plaintiffs' motion to strike Travelers's amended answer but denied their motion for an enlargement of time.

On 24 May 1993, defendant filed a motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction. Defendant filed affidavits from himself, his former wife Fannie Cox, and his son Leroy Jerome Nelson, Jr. which attested that Leroy Jerome Nelson, Jr. of 2005 New Bern Avenue, New Bern was served with the complaint instead of the proper defendant Leroy Jerome Nelson of 1004 New Bern Avenue, New Bern. The trial court granted defendant's motion and then granted Travelers' motion for judgment on the pleadings. The final result of this procedural morass was that even though plaintiffs and Travelers believed plaintiffs had brought a proper action, plaintiffs' action was dismissed because Leroy Jerome Nelson had not been served despite a certificate from the deputy sheriff to the contrary.

The majority concludes that Travelers did not appear in defendant's name so as to waive his personal jurisdiction defense when Travelers' attorney signed its amended answer as "Appearing in the name of the defendant." I agree with this conclusion. It is clear from the record that Travelers' attorney did not represent defendant and could not take any action which would bar defendant from raising a valid defense. As a result, the action is dismissed with regard to defendant Leroy Jerome Nelson. The majority then holds that since Travelers did not raise the personal jurisdiction defense in its answer, it has waived the defense. The majority remands this case in order that plaintiffs may proceed against Travelers to determine whether they are entitled to UM coverage. The majority holds that on remand Travelers cannot raise the defense of lack personal jurisdiction.

I do not believe the UM statute permits plaintiffs to proceed solely against their UM carrier to determine whether plaintiffs are entitled

to UM coverage. N.C. Gen. Stat. § 20-279.21(b)(3) mandates that motor vehicle liability insurance be available "for the protection of persons insured thereunder who are *legally entitled to recover damages* from owners or operators of uninsured motor vehicles." N.C. Gen. Stat. § 20-279.21(b)(3) (1993) (emphasis added). The UM carrier's liability is derivative of the tortfeasor's liability. *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 294, 378 S.E.2d 21, 25 (1989). In *Brown v. Lumbermens Mut. Cas. Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974), our Supreme Court held that for a plaintiff to be " 'legally entitled to recover damages' a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damage to judgment." *Id.* at 319, 204 S.E.2d at 833. *See also Spivey v. Lowery*, 116 N.C. App. 124, 446 S.E.2d 835 (1994) (The complete release of the tortfeasor releases the underinsured motorist carrier as well); *Buchanan v. Buchanan*, 83 N.C. App. 428, 350 S.E.2d 175 (1986), *disc. review denied*, 319 N.C. 224, 353 S.E.2d 406 (1987) (The release of the tortfeasor without the consent of the underinsured motorist carrier discharges the carrier because of the derivative nature of the insurer's liability.).

In the instant case, under the majority's analysis, the defendant tortfeasor, Leroy Jerome Nelson, is dismissed from the case since plaintiffs did not properly serve him. Plaintiffs' insurance policy is not contained in the record on appeal so I cannot determine whether the policy contains the standard provision that a plaintiff is not entitled to UM coverage unless the plaintiff is "legally entitled to recover damages" from the tortfeasor. Under the statute, Travelers' liability is derivative of the tortfeasor's liability. If plaintiffs cannot obtain a judgment against Leroy Jerome Nelson, then they are not "legally entitled to recover" under their policy with Travelers.

The majority notes that Travelers has waived the defense of lack of personal jurisdiction by failing to raise the defense in its answer. Whether Travelers can raise this defense, however, is irrelevant when considering whether Travelers is liable to plaintiffs under the UM provisions of their policy. Since, under the majority's analysis, plaintiffs can never obtain a judgment against the tortfeasor, Travelers cannot be held liable. *See Brown*, 285 N.C. at 319, 204 S.E.2d at 833.

In my opinion, plaintiffs should be granted an enlargement of time under N.C. Gen. Stat. § 1A-1, Rule 6(b) to serve defendant. Defendant appeared in this action and challenged the service of summons by the deputy sheriff. N.C. Gen. Stat. § 1-75.10(1)(a) provides

that proof of service shall be the "officer's certificate thereof, showing place, time and manner of service." N.C. Gen. Stat. § 1-75.10(1)(a) (1983). "When the return upon its face shows legal service by an authorized officer, that return is sufficient, at least *prima facie*, to show service in fact." *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 462, 265 S.E.2d 633, 635 (1980). A deputy's return of service cannot be set aside unless the evidence is clear and unequivocal. *Harrington v. Rice*, 245 N.C. 640, 642, 97 S.E.2d 239, 241 (1957); *see also, Guthrie v. Ray*, 293 N.C. 67, 235 S.E.2d 146 (1977); *Sun Bank/South Florida v. Tracy*, 104 N.C. App. 608, 410 S.E.2d 509 (1991); *Olschesky v. Houston*, 84 N.C. App. 415, 352 S.E.2d 884 (1987).

In the instant case, defendant presented several affidavits that he was not properly served, and the trial court, by granting defendant's motion to dismiss, found that this evidence was sufficient to rebut the presumption of proper service. Since the deputy sheriff's return of service indicated defendant had been properly served, plaintiffs may be awarded an enlargement of time under N.C. Gen. Stat. § 1A-1, Rule 6(b) in which to serve defendant. The Supreme Court has held, "Rule 6(b) grants our trial courts broad authority to extend any time period specified in any of the Rules of Civil Procedure for the doing of any act, after expiration of such specified time, upon a finding of 'excusable neglect.'" *Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322 N.C. 271, 276, 367 S.E.2d 655, 658, *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988).

In my opinion, the fact the deputy sheriff's certificate indicated that defendant was properly served and that both plaintiffs and Travelers proceeded in reliance upon this certificate, is a sufficient indication of "excusable neglect" which should permit plaintiffs an enlargement of time in which to serve defendant. I therefore vote to remand this case to the trial court for a determination of whether plaintiffs are entitled to an enlargement of time under Rule 6(b). This analysis permits plaintiffs to proceed against defendant and their UM carrier which would have occurred if the father had been served instead of the son. For the foregoing reasons, I respectfully dissent.